GUZMÁN, DEMANDANTE Y APELANTE, v. JUNCOS CENTRAL COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2075.—Resuelto en junio 1, 1920.

CORPORACIONES—DIRECTORES DE CORPORACIONES—PAGO DE SERVICIOS.—En ausencia de previo convenio se presume que los directores de corporaciones desempeñan sus servicios y obligaciones sin compensación alguna, a menos que tal compensación se les otorgue por el estatuto regulador, o por alguna regla interior, reglamento o resolución aprobada o consentida por la corporación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. B. Huyke.*

Abogados del apelado: *Sr. Charles Hartzell* y *F. Ramírez de Arellano.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Pretende el demandante Julio D. Guzmán en demanda presentada a la Corte de Distrito de Humacao en 22 de julio de 1916, que se le pague por la demandada, "The Juncos Central Company", la suma de $1,000; y al efecto alega que en sesión celebrada en 1912 por la Junta General de Accionistas de la "Juncos Central Company" fué nombrado miem-

bro de la directiva de dicha corporación para el año de 1912 a 1913 y después se le nombró por la directiva tesorero de la corporación, cuyo cargo aceptó y desempeñó bien y fielmente durante el término del nombramiento, sin que le hayan sido pagados sus haberes de tal director-tesorero a pesar de las gestiones practicadas en ese sentido, cuyos haberes estima por lo bajo en la suma de $1,000.

La demandada al contestar la demanda aceptó las alegaciones de la misma, pero niega deber al demandante cantidad alguna por el desempeño del cargo de tesorero durante el año de 1912 a 1913 puesto que no se le señaló compensación alguna por sus servicios y éstos fueron gratuitos.

Celebrado el juicio la corte dictó sentencia en 29 de junio de 1917 declarando sin lugar la demanda, con las costas al demandante y éste apeló de ella para ante esta Corte Suprema.

El apelante según expresa en su alegato no basa su derecho en contrato alguno celebrado con la corporación demandada ni en servicios extraordinarios prestados a la misma, sino "en el hecho de que la Juncos pagando siempre el servicio de sus directores creó la idea en el que va a servir de que ha de recibir una compensación por sus trabajos."

No aparece justificado que la demandada haya pagado siempre el servicio de sus directores, pero aun en el supuesto de que así fuera, ese hecho no crea derecho alguno a favor del demandante, pues estaba subordinado a que la corporación demandada quisiera seguir pagando los servicios de sus directores. La voluntad de la compañía podía ser persistente o no y al actuar el demandante bajo la idea de que había de obtener remuneración se expuso a actuar bajo una creencia que estaba sujeta a la discreción de la compañía y que podía resultar errónea.

El artículo 3º. de la Ley No. 30 aprobada en 9 de marzo de 1911 para poner en vigor una ley de corporaciones privadas, establece entre otras facultades propias de toda corporación la de "nombrar los oficiales y agentes que exigieren los negocios de la corporación y asignar a éstos una

remuneración equitativa.'' De esa facultad no hizo uso la corporación demandada con relación a los directores nombrados para el año 1912 a 1913, y a falta de ejercicio de dicha facultad los directores de la demandada por el año de 1912 a 1913 no adquirieron derecho a compensación alguna.

''Se presume que los directores de corporaciones, lo mismo que los otros síndicos, desempeñan sus obligaciones sin compensación alguna y que no. tienen derecho a reclamar ninguna compensación por sus servicios, a menos que tal compensación se les otorgue por el estatuto regulador, o por alguna regla interior, reglamento, resolución o contrato, aprobado o consentido por la corporación en general y no meramente por los mismos directores.'' 10 Cyc. 898.

No se ha demostrado por el apelante que por las cláusulas de incorporación de la ''Juncos Central Company'', por los reglamentos de la misma, o por acuerdo alguno de ella general o particular, se haya hecho asignación alguna al demandante por el desempeño del cargo de tesorero para el año de 1912 a 1913 y por tanto los servicios que en tal concepto prestó deben reputarse gratuitos.

Aun más, las relaciones jurídicas de los directores de una corporación con respecto a la entidad legal de ésta, son las de un mandatario, y el mandato consiste en la prestación de servicios gratuitos salvo pacto en contrario, según el artículo 1613 del Código Civil. Tal pacto no ha existido en el presente caso.

Y no importa que por el presidente de la corporación contestando reclamaciones del demandante se alimentaran sus esperanzas de pagar sus servicios hasta que por fin en 8 de julio de 1916 se le comunicó que el *board* de directores por unanimidad había estimado improcedente su reclamación. No hubo compromiso alguno de pago que obligara a la demandada con el demandante.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.